Robert R. Collier v. McClintic-Marshall Construction Company, Appellant.

**Master and servant:** NEGLIGENCE: ASSUMPTION OF RISK. An inexperienced employee directed to assist in riveting the steel frame of a building, in doing which he was required to lie on a plank supported by two beams at its ends and was thus suspended about twenty feet above the ground, can not be held as matter of law to have been guilty of contributory negligence, or to have assumed the risk of the plank being moved by blows of the riveters so as to slip off the beams; it not appearing that his attention was called to the fact that the blows might have that effect, or that the plank would slip or was slipping, and when from his position he could not well observe that fact.

**Same:** CONTRIBUTORY NEGLIGENCE: INSTRUCTION. Where the court clearly instructed that for plaintiff to recover he must prove that he did not contribute to his injuries by his own negligence, the further instructions relative to the defendant's liability, that if its negligence was the proximate cause of or "contributed" to plaintiff's injuries, etc., was not erroneous because of the use of the word "contributed" rather than "caused," and might therefore have led the jury to understand that the plaintiff could recover notwithstanding his own negligence.

**Same:** ASSUMPTION OF RISK: INSTRUCTION. An employee must have fully appreciated his danger, or by the exercise of reasonable care should have known the danger, before he can be charged with an assumption of the risks of his employer's negligence; and an instruction on the subject was not erroneous because stating that he must have appreciated the *full extent* of the danger, as full extent means no more than full appreciation.

*Appeal from Scott District Court.*—Hon. Wm. Theophilus, Judge.

Monday, November 18, 1912.

Suit to recover damages for a personal injury. Verdict

and judgment for the plaintiff.   The defendant appeals.—
*Affirmed.*

*Lane & Waterman,* for appellant.

*Ely & Bush,* for appellee.

SHERWIN, J.—The plaintiff was employed by the defendant as a common laborer about a steel frame building that defendant was constructing.   The plaintiff worked on the ground about the building for a few days, when the foreman sent him up on the frame to "buck" rivets.   Bucking rivets is done with a "dolly hammer," a tool that has a heavy head, and a handle about four feet long that operates as a lever, when pressed down, and holds the head of the hammer against the head of the rivet, while a man with a sledge strikes the other end of the rivet to form a head there.   The place where plaintiff was put to work was about twenty-two feet above the ground.   To do this work he had to lie down on a plank that was between six and seven feet long that was laid across two steel beams that run at an angle and met at the place where the rivets were driven.   The plank extended over each of the beams about one foot and a half.   There were from three to six rivets driven at each place, and it took about fifteen blows of the sledge to finish one rivet.   The riveters moved from place to place on the building, and there had been two or three changes of place after plaintiff went to work and before he was injured.   The plank, on which plaintiff lay while holding the dolly hammer, was moved along by the vibration caused by the blows of the sledge, and it fell, carrying the plaintiff with it.   There were no cleats or other obstructions on the under side of the plank; nor was it fastened to the beams in any way.   The plaintiff's work and position were such, while rivets were being driven, as to render it almost impossible for him to watch the posi-

tion of the plank, and he had nothing to do with changing the plank from place to place.

Appellant contends that the judgment should not be allowed to stand, because the verdict is not supported by the evidence, and because plaintiff was guilty of contributory negligence, and, knowing that the blows of the sledge would move the plank, assumed that risk. It can not be said, as a matter of law, that the plaintiff assumed the risk of the slipping of the plank because of the blows of the sledge, or was guilty of contributory negligence. The record does not show conclusively that plaintiff knew that the blows of the sledge would cause the plank to slip lengthwise to such an extent as to result in its fall. While the average man, without experience, would undoubtedly know that such blows would have a tendency to jar the plank, it would not necessarily follow that all would understand that the effect would be to move the plank in such direction as to cause it to fall. It does not appear that plaintiff's attention was ever called to the fact that the plank would creep, or that it was creeping, although it does appear that those who were familiar with the work knew that the work of riveting would cause the plank to creep, unless it was fastened in some way. These questions were for the jury, and the court properly refused to direct a verdict for the defendant.

1. MASTER AND SERVANT: negligence: assumption of risk.

The court instructed that to entitle plaintiff to recover he must prove that the defendant was negligent as charged, and that such negligence was the cause of plaintiff's injuries, and, further, that the plaintiff himself did not contribute to such injuries by his own negligence. The court instructed as follows: "If you should find that the defendant was guilty of negligence as charged, you should then proceed and determine whether such negligence was the proximate cause of or contributed to the plaintiff's injuries; and if not such proximate cause, or con-

2. SAME: contributory negligence: instruction.

tributed to such injuries, you need not proceed any farther with your deliberations, and in that event your verdict must be for the defendant. If you should find that the defendant was guilty of negligence as charged, and also that such negligence was the proximate cause of or contributed to the plaintiff's injuries, you should then proceed to ascertain and determine the amount of plaintiff's damages by reason of such injuries, provided the plaintiff had not been' guilty of negligence contributing to such injuries; and provided, further, you do not find that plaintiff assumed the risks and dangers of the work as hereinafter explained."

Appellant complains of these instructions, because the jury was told therein that the defendant was liable if its negligence contributed to plaintiff's injuries. There was an unfortunate use of language in these two instructions; but, taking the charge as a whole, we think the jury could not have understood that the plaintiff could recover, notwithstanding negligence of his own contributing to his injuries. Jurors of average intelligence understand that no liability exists where the defendant is not at fault, and understand equally as well that no liability exists where the injured party is partly to blame for the accident. And in this case the jury could not fail to understand that there could be no recovery by plaintiff if he had been guilty of negligence contributing to his injuries; and this for the reason that the court had given that positive instruction. And such being the case we think the jury must have understood that the word "contributed" as used in the two instructions meant "caused" simply.

In the seventeenth instruction the jury was told that before an employee can be held to have assumed the risk of the employer's negligence, "it must be shown by the pre-

3. SAME: assumption of risk: instruction.

ponderance or greater weight of the evidence that he knew and appreciated the danger to which he was subjected, or that by the exercise of ordinary care he would have known the danger and

appreciated the extent thereof." No complaint is made of the instruction so far; but following the language quoted above, and in the same instruction, the court said: "The doctrine or defense of the assumption of risk of this kind involves two elements: (1) That the plaintiff knew and appreciated the full extent of the danger to which he was subjected; and (2) that he voluntarily put himself in the way of that danger." Appellant says that this part of the instruction made the assumption of risk depend on the fact that the plaintiff knew and appreciated the full extent of his danger. In *Huggard v. Refining Co.*, 132 Iowa, 724, we said that, generally speaking, full appreciation of the danger is necessary, and we think that the correct rule, because the authorities generally hold that there can be no assumption of risk, unless the party knows of and appreciates the danger, or in the exercise of reasonable care should know the danger, and a party can not be said to appreciate danger when he is only partially sensible of it. The instruction criticised here, while it uses the words "full extent," can mean nothing more than full appreciation of the danger, and, as so construed, it was not erroneous.

Error is predicated on rulings on defendant's objections to certain testimony; but no such prejudice appears as would warrant a reversal. The judgment is,—*Affirmed.*